AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of )<br>*(Briefly describe the property to be searched or identify the person by name and address)* )<br>520 Gladys Ave )<br>Monterey Park, CA 91755 )<br>)<br>)<br>)<br>) | Case No. 2:21-MJ-05522 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

   *See Attachment A-1*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

   *See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

   **YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
   ☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

   Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

   The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

   ☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C. § 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _12/8/2021  2:09 p.m._____    _Rozella A. Oli____ (signature)
                                                      *Judge's signature*

City and state:   _Los Angeles, CA_____           _Hon. Rozella A. Oliver, U.S. Magistrate Judge_
                                                      *Printed name and title*

AUSA Ranee A. Katzenstein, x2432, 11th Floor

| **Return** | | |
|---|---|---|
| Case No.: <br> 2:21-MJ-05522 | Date and time warrant executed: <br> 12/14/2021  6:00 am | Copy of warrant and inventory left with: <br> Jian Cao |
| Inventory made in the presence of : <br> SA Jeffrey Wolf | | |
| Inventory of the property taken and name of any person(s) seized: <br> Please see the following pages. | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br> Date: 12/15/2021                                *Michael Blas* <br>                                                                       *Executing officer's signature* <br><br>                                           Michael Blas, Special Agent <br>                                                                      *Printed name and title* |

## ATTACHMENT A-1

**Property To Be Searched**

The **SUBJECT PREMISES** is a residential property located at 520 Gladys Ave, Monterey Park, CA 91755. The **SUBJECT PREMISES** is a one-story house that is painted yellow with grey-green trim. The numerals "520" are affixed to the trim of the house on the edge of the roof above the main entrance. The front door faces north and contains a security screen door painted black. The front of the property facing Gladys Avenue is bordered by a low wall made of blocks that topped with a metal fence painted green. A wall made of the same blocks runs along the driveway on the north side of the house. The **SUBJECT PREMISES** also includes a separate two-story casita behind the main house.  The casita is painted white.  There is a white awning extending the width of the building that is attached to the roofline of the south side of the casita and another white awning extending almost the full width of the building above the ground floor, also on the south side of the building.  There is a staircase leading to the second floor on the south west corner of the casita.  A portion on the south east of the first floor of the casita serves as a carport. The property contains two driveways. One driveway is on the north side of the property and leads to the front door and garage of the main house. The second driveway is on the south side of the property and leads towards the rear of the property where the casita is located.

The **SUBJECT PREMISES** includes all attached and unattached

rooms, attics, garages, vehicles in the garage and driveway, storage areas and units, boxes, safes, lockers, bags, trash bins or bags, trash areas, mailboxes, any other common areas associated with the premises (such as a common mail receiving area), and any containers found in the aforementioned areas.

The **SUBJECT PREMISES** are further described in the photos comprising Exhibit 1, below.

EXHIBIT 1







**ATTACHMENT B**

I.   **ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, and/or instrumentalities of violations of violations of Title 18, United States Code, Sections 1029 (Fraud and related activity in connection with access devices); 1341 (Mail Fraud); 1343 (Wire Fraud); and 1349 (Attempt and Conspiracy to Commit Mail Fraud and Wire Fraud):

   a.   For the period of March 1, 2020, to the present, records, documents, correspondence, faxes, and e-mails sent to and/or received from, or related to the business of, any State Workforce Agency[7] including the California Employment Development Department, including any applications for Unemployment Insurance.

   b.   For the period of January 1, 2020, to the present, records and documents, including correspondence, faxes, and e-mails, containing information, including Personally Identifiable Information, *e.g.*, names, Social Security Numbers, dates of birth, addresses, phone numbers, and driver's license numbers, to be used or that could be used in support of any application for Unemployment Insurance, and/or any claim of continuing eligibility for Unemployment Insurance.

---

[7] The Department of Labor defines and links to State Workforce Agencies at: https://www.dol.gov/agencies/eta/wotc/contact/state-workforce-agencies (last visited Oct. 12, 2021).

c. For the period of March 1, 2020, to the present, checks and EBP cards received from any State Workforce Agency including the California Employment Development Department.

d. Copies of and actual driver licenses, state identification cards, passports, and other forms of identification in names other than **CAO**'s name or in **CAO**'s name but bearing another person's PII and/or photographs.

e. Indicia of occupancy, residency, control, and/or ownership of the **SUBJECT PREMISES**, including utility bills, telephone bills, loan payment receipts, rent documents, keys, photographs, and bank records.

f. For the period of March 1, 2020, to the present, bank records or records received from financial institutions, including debit cards; correspondence regarding debit card accounts; wire transfer records; bank statements and associated transactional records; money drafts; letters of credit; safety deposit box keys and records; checkbooks; money wrappers; money containers; income tax records; payroll records; credit cards; and any other records of financial transactions that reflect the disposition and/or allocation of monies.

g. Cash or cash equivalents such as pre-paid cards in excess of $500.

h. For the period of March 1, 2020, to the present, records relating to the acquisition, secreting, transfer, concealment, and/or expenditure of money.

   i. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the **SUBJECT OFFENSES**, and forensic copies thereof.

   j. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

    i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

    ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    iii. evidence of the attachment of other devices;

    iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v. evidence of the times the device was used;

    vi. passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

    vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and

manuals, that may be necessary to access the device or to conduct a forensic examination of it;

        viii.    records of or information about Internet Protocol addresses used by the device;

        ix.    records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to

store digital data (excluding analog tapes such as VHS); and security devices.

**II.   SEARCH PROCEDURE FOR DIGITAL DEVICES**

4.   In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location.  The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant.  The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

b.   The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

i.   The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to

determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

        ii.  The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

        iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

    c.  The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

    d.  If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

    e.  If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

    f.  If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the

other items to be seized (after the time for searching the device has expired) absent further court order.

g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a. Any digital device capable of being used to commit, further, or store evidence of the offenses listed above;

b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

c. Any magnetic, electronic, or optical storage device capable of storing digital data;

d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

7. During the execution of this search warrant, law enforcement is permitted to: (1) depress **CAO's** thumbs and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of **CAO's** faces with their eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use

excessive force, as defined in Graham v. Connor, <u>490 U.S. 386 (1989)</u>; specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

8.  The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

**U.S. Department of Labor**
Office of Inspector General

## Search Inventory

Case Name/Number: 12091000149-T  Case Agent: SA Anthony Truong
Evidence Custodian(s): SA Jeffrey Wolf  Date of Execution: 12/14/21
Search Address: 520 Gladys Ave Monterey Park CA 91755  Room #/Letter: _____

| Evidence Item | Description of Evidence | Seizing Agent | Box # |
|---|---|---|---|
| F1 | $30,742.00 US Currency | SA Norort | |
| F2 | Foreign Currency Unknown Amount | SA Norort | |
| F3 | US Postal Money Orders $30,000.00 | SA Norort | |
| A1 | EDD Mail | SA Clark | |
| F4 | EDD Docs EIN Records/IRS Records | SA Kane | |
| B1 | EDD Docs, Bank Docs | SA Clark | |
| F5 | $712.00 US Currency | SA Norort | |
| F6 | Ledger and Receipts | SA Kane | |
| F7 | EDD Appeal | SA Fice | |
| F8 | Notebooks | SA Fice | |
| F9 | 18 EDD Cards | SA Fice | |
| F10 | Bank Account Checkbooks | SA Fice | |
| F11 | PII/Passports | SA Kane | |
| F12 | Passports/SS Cards | SA Fice | |
| F13 | LA Medical Checks | SA Fice | |
| F14 | (3) State of California Stimulus Checks | SA Norort | |
| A2 | (1) EDD Card | SA Aramuro | |
| A3 | EDD Mail | SA Aramuro | |
| P1 | EDD Correspondence | Inv Schmidt | |
| FM1 | Apple iPhone C39R5GMXGRY4 | Hefner | |
| EM2 | Apple iPhone G0NYD11CKYKN | Hefner | |
| EM3 | Apple iPhone G6TFC09A0041C | Hefner | |
| AM1 | Apple iPhone G6TCFCMN7ON | Hefner | |
| FM4 | Apple iPad DMPVGWVVHLFC | Hefner | |
| EM5 | Apple iPhone A1784 | Hefner | |

Page 1 of 2

# U.S. Department of Labor
### Office of Inspector General



## Search Inventory

Case Name/Number: 1209100006149-J  
Case Agent: SA ANTHONY TRUONG  
Evidence Custodian(s): SA JEFFREY WOLF  
Date of Execution: 12/14/21  
Search Address: 520 GLADYS AVE, MONTEREY PARK CA 91755  
Room #/Letter: 

| Evidence Item | Description of Evidence | Seizing Agent | Box # |
|---|---|---|---|
| FM6 | SAMSUNG PHONE RVIDZ5TE9RW | HEINER | |
| F15 | EOD Doc | SA FICT | |

Page 2 of 2